# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

**GRETCHEN LEIGH BAILEY,**

      **Plaintiff,**

**v.**                                                       **Case No. 2:14-cv-12017**

**NANCY A. BERRYHILL,**
**ACTING COMMISSIONER OF THE**
**SOCIAL SECURITY ADMINISTRATION,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

By standing order dated March 31, 2014, the District Judge referred and assigned the civil actions and matters regarding Plaintiff's complaint to the undersigned (ECF No. 6). This is an action seeking review of the final decision of the Commissioner of Social Security denying the Plaintiff's application for benefits under the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f.

On March 11, 2014, Plaintiff filed her Complaint in this matter and an Application to Proceed Without Prepayment of Fees and Costs. (ECF Nos. 1 and 2). By Order and Notice entered April 1, 2014, the undersigned granted Plaintiff's Application to Proceed Without Prepayment of Fees and Costs and directed Plaintiff to serve the Summons and Complaint pursuant to Rule 4 of the Federal Rules of Civil Procedure (ECF No. 7). The electronic summons was issued on April 1, 2014 (ECF No. 8).

On July 21, 2016, the undersigned entered a Notice of Failure to Make Service Within 120 Days to Plaintiff, which advised her that this civil action would be dismissed within ten days of the filing of the notice unless she could demonstrate good cause to the Court why service was not

made within the 120 period of time. (ECF No. 9). On July 21, 2016, a certified copy of the Notice was transmitted via United States postal service. Neither Plaintiff nor her counsel responded to the Notice.

## **ANALYSIS**

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure [1] and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the inherent power to *sua sponte* dismiss an action for a *pro se* plaintiff's failure to prosecute. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962). Rule 41.1 of the Local Rules provides:

> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

---

[1] Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule B except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 B operates as adjudication on the merits.

     (i) the degree of personal responsibility of the plaintiff;
     (ii) the amount of prejudice caused the defendant,
     (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
     (iv) the existence of a sanction less drastic than dismissal.

*Ballard v. Carlson,* 882 F.2d 93, 95 (4th Cir. 1989). In consideration of the first three factors, the Court finds that the delays in this case are attributable solely to the Plaintiff as the Defendant has not been required to make an appearance in this action. Therefore, Plaintiff is the sole cause of the delays in this action. Plaintiff was directed, pursuant to Rule 4 of the Federal Rules of Civil Procedure, to serve a copy of the Summons and Complaint on the Defendant. (ECF No. 7). Thus, Plaintiff has neither effectuated service within the 120 day period pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, nor demonstrated good cause for his failure to do so, and dismissal is proper for this reason. With respect to the second and third factors, although the record is void of further evidence indicating that Plaintiff has a history of "deliberately proceeding in a dilatory fashion," the Court does not find that the named Defendant will be prejudiced by dismissal of Plaintiff's Complaint.

     In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against Plaintiff that should not be invoked lightly. The particular circumstances of this case however, do not warrant a lesser sanction. An assessment of fines, costs, or damages against Plaintiff would be futile in view of his inability to pay the filing fee. Moreover, explicit warnings of dismissal would be ineffective in view of the undersigned's Orders advising Plaintiff that her failure to show good cause for failure to make service would result in a dismissal of this matter without prejudice. (ECF No. 9). Accordingly, the undersigned has determined that this action should be dismissed without prejudice unless Plaintiff is able to show good cause for his failure to prosecute.

## Conclusion

Accordingly, this Court **DISMISSES** Plaintiff's Complaint (ECF No. 2) without prejudice for failure to prosecute and **REMOVES** this matter from the Court's docket.

By Judgment Order entered this day, Plaintiff's Complaint (ECF No. 2) is **DISMISSED** without prejudice for failure to prosecute and this action is **DISMISSED** from the docket of this Court.

The Clerk is directed to file this Memorandum Opinion and Order and to send a copy of the same to counsel of record.

Date: September 11, 2017.

_____
Dwane L. Tinsley
United States Magistrate Judge